JOHN L. BURRIS Esq., (BAR NO. 69888)
CHRISTOPHER A. DEAN, Esq., (BAR NO. 550322)
**BURRIS, NISENBAUM, CURRY & LACY, LLP**
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
chris.dean@johnburrislaw.com

Attorneys for Plaintiff
JOSE BETTENCOURT

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO BETTENCOURT, individually, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SAN LEANDRO, a municipal corporation; ABDUL D. PRIDGEN, individually and in his official capacity as police chief for the CITY OF SAN LEANDRO; MATTHEW BRADY, individually and in his official capacity as a police officer for the CITY OF SAN LEANDRO; STEPHEN YOUNG, individually and in his official capacity as a police officer for the CITY OF SAN LEANDRO; CALEB SCHWITTERS, individually and in his official capacity as a police officer for the CITY OF SAN LEANDRO; JASON VINCENT, individually and in his official capacity as a police sergeant for the CITY OF SAN LEANDRO; and DOES 1-50, inclusive, individually, jointly, and severally, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.       This is an action for damages brought pursuant to Titles 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code §52.1, and under the common law of California, against the City of Leandro Police Department officers' conscience-shocking use of excessive force against Jose Bettencourt.

**JURISDICTION**

2.       This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code §§ 1331 and 1343 confer jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Alameda, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367. Supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the state law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

3.       Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

4.       Plaintiff JOSE ANTONIO BETTENCOURT ("PLAINTIFF" or "BETTENCOURT") an individual, has been and is a resident of California and is a United States citizen.

5.       Defendant CITY OF SAN LEANDRO ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and

prescribe rules, regulations and practices affecting the operation of the CITY OF SAN LEANDRO POLICE DEPARTMENT and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant CITY Police Officers, individually and in their official capacity.

6.    Defendant CITY POLICE CHIEF ABDUL D. PRIDGEN ("PRIDGEN"), at all times mentioned herein, was employed by Defendant CITY as the Chief of Police for the SLPD, and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as the Chief of Police of SLPD for the CITY.  Plaintiff alleges Defendant PRIDGEN was aware of the misconduct of the police officers he employed, their use of excessive force as set forth herein, and the widespread acceptance within SLPD of unconstitutional actions by SLPD officers as set forth in the instant Complaint. PRIDGEN failed to take any remedial measures and tolerated, encouraged and/or ratified the repeated and widespread pattern and practice of Unconstitutional actions by Defendant SLPD police officers as set forth herein.

7.    Defendant MATTHEW BRADY ("BRADY") at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the SLPD and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as an OFFICER of the CITY and employee/agent of SLPD.

8.    Defendant STEPHEN YOUNG at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of his employment. He is being sued individually and in his official capacity as an OFFICER of the CITY and employee/agent of SLPD.

9.    Defendant CALEB SCHWITTERS at all times mentioned herein, was employed by Defendant CITY as an OFFICER of the CITY and was acting within the course and scope of

his employment. He is being sued individually and in his official capacity as an OFFICER of the CITY and employee/agent of SLPD.

10.     Defendant SEARGANT JASON VINCENT ("Vincent") at all times mentioned herein was employed by Defendant CITY as a SERGEANT of the CITY and was acting within the course and scope of that employment. He is being sued individually and in his official capacity as a SEARGEANT of the CITY. JASON VINCENT directly supervises Defendants YOUNG and BRADY.

11.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

12.     At the time of the incident and as alleged herein, Defendants were acting under color of state law.

## ADMINISTRATIVE PREREQUISITES

13.     Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff timely submitted a claim with the Office of the San Leandro City Clerk for the City of San Leandro On March 8, 2022. On June 10, 2022, Sedgwick Claims Management Company on behalf of Defendant CITY notified Plaintiff by mail that the claim was allegedly deficient. On June 28, 2022, Plaintiff submitted a supplemental claim curing all alleged deficiencies. The CITY took no further action and made no further communication about Plaintiffs' claim.

14.     On August 9, 2023, Plaintiff reached a disposition in his criminal matter arising from this incident. Plaintiff has exhausted all administrative remedies pursuant to California Government Code section 910.

**FACTUAL ALLEGATIONS**

15.     The incident took place on February 13, 2022, at approximately 2:00 A.M., in the City of San Leandro, California, near the intersection of Halycone Drive and Oleander Street. San Leandro Police Officers – without cause, provocation, or warning – tased and beat with batons JOSE ANTONIO BETTENCOURT (hereafter, "Plaintiff") all in rapid succession.

16.     Plaintiff had been riding as a passenger in a vehicle while his friend was driving. The men had borrowed the vehicle from a friend that was not present at the time of this incident. As the two men proceeded in or around the intersection of Halycone Drive and Oleander Street, Defendant Officer BRADY pulled them over. Officer BRADY approached the vehicle and informed the driver that he had been pulled over for having an expired registration. As Defendant BRADY spoke to the driver of the vehicle, two additional officers, one being Defendant YOUNG, arrived at the scene.

17.     Plaintiff called the owner of the vehicle for assistance in locating the vehicle registration papers. While Plaintiff was on the phone, Defendant YOUNG approached the passenger side of the vehicle and stood watching Plaintiff, who had not done anything wrong. Defendant YOUNG begin to ask Plaintiff questions to which Plaintiff responded to.

18.     Defendant BRADY next approached the passenger side of the vehicle where Plaintiff was seated and told him to step out of the vehicle. Plaintiff asked if he was being arrested and explained that he had the owner of the vehicle on the phone to get the information the officers had asked for. Defendant BRADY then asked Plaintiff to put the phone on the dashboard, and whether Plaintiff had a problem with stepping out. Plaintiff explained that he was going to get out of the vehicle, but that he had not committed a crime. He explained again that he had the owner of the vehicle on the phone. While stating that he would comply, Plaintiff expressed concerns with the way he was being treated considering the fact that San Leandro Police Officers had recently killed his older brother.

19.     However, without allowing Plaintiff a reasonable amount of time to comply Defendant BRADY opened the vehicle door, reached into the vehicle where Plaintiff was

sitting, and forcefully grabbed Plaintiff by the forearm. Defendant BRADY then Tased Plaintiff four times in rapid succession while Plaintiff was still seated inside the vehicle.

20.    Defendants BRADY and YOUNG then pulled Plaintiff out of the vehicle and pushed him onto his back on the sidewalk. Plaintiff was laying on the ground on his back. Defendants BRADY and YOUNG began to brutally beat Plaintiff with their batons. BRADY and YOUNG continued to attack Plaintiff as he cried out in agony.

21.    Defendant Officers then forcefully positioned Plaintiff face-down, handcuffed his hands behind his back, and held Plaintiff's badly-injured legs into a figure-4 lock position. Only after the vehicle had been searched and Plaintiff was too injured to move, did the Defendants remove physical control away from Plaintiff's badly-injured legs.

22.    Plaintiff was eventually transported to San Leandro Hospital for treatment where it was determined that he sustained a patella fracture to his left leg and a left clavicle deformity.

## DAMAGES

23.    Plaintiff was physically, mentally, emotionally injured and damaged as a result of Defendants' egregiously violent conduct.

24.    As a result of being tased and beaten by Defendants, Plaintiff suffered physical injuries that required both immediate and long-term medical care. These injuries include, but are not limited to, Taser wounds, puncture wounds, blunt force injuries, fractured clavicle, a broken knee, and bone fractures in his left lower leg. Plaintiff experienced difficulty walking for an extended period of time, and required ongoing medical care for his injuries.

25.    Plaintiff suffered immediate and ongoing severe and extreme emotional distress, trauma, and humiliation from the violent conduct of Defendants, as described herein.

26.    Plaintiff incurred financial damages from this encounter with Defendants, including, but not limited to, medical expenses, and travel.

27.     Defendants' conduct was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against all non-municipal Defendants, in their individual capacities.

28.     Defendants acted maliciously with an intent to harm Plaintiff unrelated to a legitimate law enforcement purposes in brutalizing Plaintiff, given all of the options short of excessive force that were available to them.

29.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code § 1988.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth and Fourteenth Amendments of the United States**
**Constitution – Excessive Force and Due Process)**
**(42 U.S.C. § 1983)**
**(Plaintiff against Defendants PRIDGEN, BRADY, YOUNG, SCHWITTERS, VINCENT,**
**and DOES 1-50)**

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

32.     Plaintiff had firmly established rights under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and excessive, unreasonable and/or arbitrary force being used against him without due process.

33.     Plaintiff did not threaten or pose an immediate threat to Defendants. He did not commit any crime. He did not resist or flee arrest at any time, nor did he attempt to.  Defendants had no probable cause or reasonable suspicion to arrest Plaintiff, as he had done nothing illegal and never disobeyed any order made by Defendants. Without warning or giving Plaintiff time to

respond to his commands, Defendant BRADY attacked and tased Plaintiff four times. Defendants BRADY and YOUNG then beat Plaintiff mercilessly with batons. When Defendants stopped beating Plaintiff, they placed him into a prone position, handcuffed him, and figure-four locked him, which was agonizing on Plaintiff's broken knee.

34.     As a result Defendants are liable for excessive force and due process violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Monell – Municipal Liability for Unconstitutional Custom or Policy)**
**(42 U.S.C. § 1983)**
**(Plaintiff against Defendants CITY, PRIDGEN, BRADY, YOUNG, SCHWITTERS, VINCENT, and DOES 1-50)**

35.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

36.     Plaintiff is informed and believes and thereon alleges that Defendant City and law enforcement agencies and governments' policy or custom, whether made by its lawmakers or by those who represent official policy, inflicted the injury that the government as an entity is responsible for under § 1983. Governmental entities are liable for monetary, declaratory, or injunctive relief where an action that is alleged to be unconstitutional is implemented or executed as a policy statement, ordinance, regulation, or officially ratified or adopted decision.  Local governmental entities also can be sued for constitutional deprivations visited pursuant to governmental policies or customs.  Entity liability arises when the agency directs the deprivation of federal rights through an express government policy. A policy of inaction is based on a governmental body's failure to implement procedural safeguards to prevent constitutional violations.

37.     On and for some time prior to February 13, 2022 (and continuing to the present day) Defendants, individually and as police officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation, and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

a.     Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written SLPD policies, including the use of excessive force and respect for the Fourth Amendment;

b.     Of inadequately supervising, training, controlling, assigning, and disciplining SLPD officers and other personnel, including Defendants who SLPD and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force and denying access to medical care;

c.     By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by Defendants who are Police Officers of CITY;

d.     By failing to discipline SLPD Officers' conduct, including by not limited to, unlawful seizures, excessive force, and violations of the First and Fourteenth Amendments;

e.     By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of SLPD and CITY;

f.     By having and maintaining an unconstitutional policy, custom, and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which is also demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

g.     By failing to properly investigate claims of unlawful seizures and excessive force by SLPD Police Officers.

38.     Defendants individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with the deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

39.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

40.     Furthermore, the policies, practices and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential forces behind the injuries of Plaintiff.

41.     Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code §815.2.

42.     As a result Defendants are liable for Monell violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Violation of California Civil Code § 52.1)
### (Plaintiff against Defendants CITY, PRIDGEN, BRADY, YOUNG, SCHWITTERS, VINCENT, and DOES 1-50)

43.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

45.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

46.     Plaintiff is entitled to treble damages, but in no case less than $4,000 and an award of his reasonable attorneys' fees pursuant to Civil Code §52(a).

47.     Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorneys' fees and an additional $25,000.

48.     Under Government Code §815.2(a), Defendant CITY is vicariously liable to said Plaintiff for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

49.     As a result Defendants are liable for Bane Act violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

1

2

### FOURTH CAUSE OF ACTION
**(Negligence)**
**(Plaintiff against Defendants CITY, PRIDGEN, BRADY, YOUNG, SCHWITTERS, VINCENT, and DOES 1-50)**

50.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51.      An individual is liable for injuries caused by failure to exercise reasonable care in the circumstances. A cause of action for negligence arises when there is a legal duty to use due care, there is a breach of the legal duty, and the breach is the proximate or legal cause of the resulting injury.

52.      Defendants acted negligently in their use of force against Plaintiff and in their conduct committed against Plaintiff. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, medical expenses, fear, trauma, and humiliation.

53.      Pursuant to Government Code Section 815.2(a), Defendant CITY OF SAN LEANDRO is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants PRIDGEN, BRADY, YOUNG, SCHWITTERS, VINCENT, and DO 1-50.

54.      As a result, Defendants are liable for negligence.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Assault/Battery)**
**(Plaintiff against Defendants DRADY, YOUNG, and DOES 1-50)**

55.      Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 54 of this Complaint.

56.       Defendants BRADY and YOUNG acted with intent to cause harmful or

offensive contact or threatened to touch Plaintiff in a harmful or offensive manner. Defendants BRADY and YOUNG touched Plaintiff in a harmful and offensive manner. Moreover, it reasonably appeared to Plaintiff that Defendants BRADY and YOUNG were about to carry out the threat. Plaintiff did not consent to the harmful contact. Battery occurred when Defendants BRADY and YOUNG actually made contact with and harmed Plaintiff. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

57.     Defendants BRADY and YOUNG intended to touch Plaintiff in a harmful or offensive manner. Plaintiff reasonably believed that he was about to be touched in a harmful or offensive manner. It reasonably appeared to Plaintiff that Defendants BRADY and YOUNG were about to carry out the threat. Plaintiff did not consent to Defendants BRADY and YOUNG harmful contact, which ultimately led to his injuries. Defendant BRADY and YOUNG actions were excessive and unreasonable.

58.     Under Government Code Section 815.2(a), Defendant CITY OF SAN LEANDRO is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants BRADY and YOUNG.

59.     As a result, Defendants BRADY, YOUNG and DOES 1-50 are liable for assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff against Defendants CITY, PRIDGEN, BRADY, YOUNG, SCHWITTERS, VINCENT, and DOES 1-50)**

60.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 59 of this Complaint.

61.     At all times, Defendants conduct as described herein was outrageous.

62.     Defendants intended to cause Plaintiff emotional distress.

63.     Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was afraid of the SLPD for having recently killed his brother, which he communicated to them several times throughout the incident.

64.     Plaintiff suffered severe emotional distress from Defendants' conduct.

65.     Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

66.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

67.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

68.     As a result, Defendants are liable for intentional infliction of emotional distress

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
**(False Arrest/Imprisonment – Violation of CALIFORNIA PENAL CODE §236)**
**(Plaintiff against Defendants DRADY, YOUNG, and DOES 1-50)**

69.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 68 of this Complaint.

70.     Defendants intentionally and unlawfully restrained, detained, and confined Plaintiff with no probable cause or reasonable suspicion.

71.     Defendants' conduct made Plaintiff stay at the scene of the incident and kept him there, restricting his freedom of movement.

72.     A reasonable person in Plaintiff's situation would have understood that he was not free to leave.

73.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

74.     The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

75.     Under Government Code Section 815.2(a), Defendant CITY is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of said Defendants.

76.     As a result, Defendants BRADY, YOUNG and DOES 1-50 are liable for false arrest/imprisonment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.     For general damages according to proof;

2.     For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.     For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CITY, PRIDGEN, BRADY, YOUNG, SCHWITTERS, VINCENT, and DOES 1-50 and/or each of them;

4.     Any and all permissible statutory damages;

5.     For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6.     For cost of suit herein incurred; and

7.     For such other and further relief as the Court deems just and proper.

*Complaint for Damages*

1

2
Dated: January 17, 2024                **BURRIS NISENBAUM CURRY & LACY, LLP**

3
                                   /s/ *John L. Burris*

                                   John L. Burris

4
                                   Christopher A. Dean

                                   Attorneys for Plaintiffs

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25